IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES LUCARELLI, | : | No.  4:CV 07cv564 |
| | : | |
| Plaintiff | : | Judge Jones |
| | : | |
| v. | : | |
| | : | |
| GARY NORTON, District Attorney, | : | |
| DON COLEMAN, Columbia County | : | |
| Probation, JOHN RICHMOND, Schuylkill | : | |
| County Probation, | : | |
| Defendants | : | |

## MEMORANDUM

## June 20, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before the Court is a Motion to Dismiss the Amended Complaint,

or, in the alternative, Motion for Summary Judgment (doc. 17) of Defendants Gary

Norton, Don Coleman and John Richmond, filed on May 23, 2007.

For the reasons that follow, the Motion shall be granted.

## PROCEDURAL HISTORY:

*Pro se* Plaintiff Charles Lucarelli filed the instant civil rights action on March

26, 2007, naming Gary Norton, District Attorney in and for Columbia County, Don

Coleman, Chief of Columbia County Adult Probation and John Richmond, Chief

of Schuylkill County Adult Probation, as Defendants.  (Rec. Doc. 1).  On March 27, 2007, we ordered Plaintiff to file a more definite statement  (Rec. Doc. 3), and on April 12, 2007, we granted the Plaintiff an extension of thirty (30) days to file the same.  (Rec. Doc. 5).

The Defendants filed executed waivers of service on April 17 and 18, 2007. (Rec. Docs. 6, 7, and 8).  Nevertheless, Plaintiff filed a Motion for Default Judgment on May 1, 2007. (Rec. Doc. 10).  On May 2, 2007, Defendants filed a Motion to Dismiss the complaint.  (Rec. Doc. 13). On May 3, 2007, we entered an Order denying Plaintiff's Motion for Default.  (Rec. Doc. 15).[1]

On May 9, 2007, Plaintiff filed an amended complaint.  (Rec. Doc. 16).  On May 23, 2007, the Defendants filed the instant Motion with supporting brief.  (Rec. Docs. 17 and 18).

On June 5, 2007, Plaintiff filed a document entitled "Request for Production of Documents and Things Addressed to Defendant Pursuant to Pennsylvania Rules of Civil Procedure" (doc. 19) and "Plaintiff's First Set of Expert Interrogatories Addressed to Defendant."  (Rec. Doc. 20).  On June 13, 2007, Defendants filed

---

[1]  Also, on June 20, 2007 Plaintiff again filed a Motion for Default against Defendant Norton, stating that Defendant Norton had failed to respond to the complaint.  Inasmuch as we are dismissing this action, we shall dismiss this Motion as moot.  Moreover, the Motion is meritless because Defendant Norton has filed the pending Motion to Dismiss the Amended Complaint.

Objections to Plaintiff's Interrogatories and Request for Production of Documents.

(Rec. Doc. 21).

To date, Plaintiff has not filed a brief in opposition to the pending Motion to

Dismiss the Amended Complaint (doc. 17), nor has he filed for an extension of

time within which to do so.  Pursuant to Local Rule 7.6:

> [a]ny party opposing any motion shall file a responsive brief, together
> with any opposing affidavits, deposition transcripts, or other
> documents within fifteen (15) days after service of the movant's brief .
> . . Any respondent who fails to comply with this rule shall be deemed
> not to oppose such motion.

The period for filing a responsive brief has long since expired.

## STANDARD OF REVIEW:

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a

court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes,

416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir.

1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for

the Third Circuit added that in considering a motion to dismiss based on a failure to

state a claim argument, a court should "not inquire whether the plaintiffs will

ultimately prevail, only whether they are entitled to offer evidence to support their

claims."  Furthermore, "a complaint should not be dismissed for failure to state a

claim unless it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S.

41, 45-46 (1957); <u>see</u> <u>also</u> <u>District Council 47 v. Bradley</u>, 795 F.2d4 310 (3d Cir.

1986).

**<u>DISCUSSION</u>**:

Despite the fact that Plaintiff has failed to file an opposing brief rendering the

pending Motion unopposed, we shall undertake a merits analysis in the disposition

of the instant Motion.

**1.     FACTUAL ALLEGATIONS**:

In the amended complaint, Plaintiff purports to bring this action pursuant to

42 U.S.C. § 1983 and the United States Constitution.  Plaintiff also purports to

invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, but

also avers that the amount in controversy exceeds $75,000.00.[2]  (Amended

Complaint, ¶3-4).  In the prayer for relief, Plaintiff requests judgment in the amount

of $5,000,000.05 plus costs.

Plaintiff alleges that he was sentenced on June 29, 2005 after being convicted

on November 11, 2004 at the Columbia County Courthouse.  (Amended

Complaint, ¶5).  Plaintiff alleges that his probation rules were lengthy but he abided

---

[2] Federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity jurisdiction pursuant to 28 U.S.C. § 1332 are mutually exclusive.  The amount in controversy threshold of $75,000.00 is only required for a diversity action.

by them.  Plaintiff alleges that he was ordered to call Mr. Hayes (who we can only

assume is a Columbia County probation officer) once a week and he complied.

(Amended Complaint, ¶6).

Plaintiff allegedly appealed his conviction to the Pennsylvania Superior Court

on December 29, 2006.  Plaintiff alleges that he was notified by his counsel,

Attorney Viola that the case was "overturned."  Plaintiff alleges that he called Mr.

Hayes and subsequently was told "the probation was over" and that all paperwork

had been sent to probation officer Mark Laubach in Columbia County probation.

After a few weeks, Plaintiff allegedly called Mr. Laubach requesting a document to

demonstrate that his probation had ended.  Plaintiff alleges that Laubach told him

that he would not send anything unless requested by Plaintiff's attorney.   Plaintiff

alleges that he had Attorney Viola request the document but heard nothing in three

weeks.  (Amended Complaint, ¶7).

Thereafter Plaintiff allegedly called Mr. Carmen Perfetta at the Schuylkill

County probation office.  Perfetta allegedly told Plaintiff "when you are finished

with probation the office does not send out any document."  Plaintiff alleges that

Perfetta told Plaintiff to "walk around with his Superior Court decision," which

Plaintiff notes is 27 pages long.  (Amended Complaint, ¶8).  On March 9, 2007,

Plaintiff went to the McAdoo Police Department, where a police officer allegedly

called Schuylkill County Probation and was informed that Plaintiff was still on

probation.  (Amended Complaint, ¶9).

In Count I of the amended complaint, Plaintiff names Norton, Coleman and

Richmond as Defendants.  Plaintiff alleges that Richmond is the head of Schuylkill

County probation.  (Amended Complaint, ¶5, 9).  Plaintiff alleges that Don

Coleman is the head of Columbia County probation.  (Amended Complaint, ¶7).

There are no factual allegations against Norton contained in Count I of the amended

complaint.

In Count II of the Amended Complaint, Plaintiff alleges that when he was

convicted at trial, "Judge James took out $30,600.00; the amount of $20,600.00

was used for restitution and $10,000.00 for unrelated, anything in the future."

(Amended Complaint, ¶11).  Plaintiff alleges that on November 29, 2005, he

received a "shakedown" letter from the Columbia County Court and that on July 5,

2006 he received another letter.  (Amended Complaint, ¶11, Exs. C and D).

Plaintiff avers that these letters "have no names as to who sent them," and that

Tami Kline is the Columbia County Clerk of Court and "she take[s] orders from

defendant Gary Norton."

In the final paragraph of the amended complaint, Plaintiff alleges that he

"believes the biggest motion hearing of his pre-trial on August 26, 2004 was

omitted by the court stenographer Miss Klingerman.  Plaintiff believes it was

purposely done by defendant Gary Norton to smear Plaintiff's name in the Superior

and Supreme Courts.  By doing so, defendant Gary Norton said in those courts

that Plaintiff missed the jury pick of September 8, 2004 and was sent back to

prison.  There was no jury pick on that day, it was a call of the list which I knew

nothing of."  (Amended Complaint, ¶14).

As submitted by the Defendants, a review of the decision of the Superior

Court in <u>Commonwealth v. Lucarelli</u>, 918 A.2d 924 (Pa. Super. 2006), reveals that

a judgment of acquittal was not entered and that the criminal proceedings have not

terminated in Plaintiff's favor.  On the contrary, the judgment of sentence was

vacated, the conviction reversed and the case remanded for new trial.  Accordingly,

the charges remain pending.  (Rec. Doc. 17, Ex. A).

## 2.  **Analysis**

As previously noted, in the amended complaint, Plaintiff asserts that the

action is brought pursuant to 42 U.S.C. § 1983 and the United States Constitution.

However, Plaintiff fails completely within the amended complaint to allege a

deprivation of rights under the Constitution or the laws of the United States.

Section 1983 provides individuals with a cause of action for violation of federal law

by state actors.  <u>See</u> 42 U.S.C. § 1983.  Section 1983 does not create substantive

rights; instead it provides remedies for deprivation of rights elsewhere conferred in the Constitution or federal laws. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a §1983 claim, a plaintiff must demonstrate that (1) a violation of federal rights secured by the Constitution and the laws of the United States occurred and (2) that the alleged deprivation was committed by a person acting under color of state law. Gonzaga University v. Doe, 536 U.S. 273, 284-285 (2002); Nicini v. Morra, 212 F. 3d 798, 806 (3d Cir. 2000).

Within the amended complaint, Plaintiff makes utterly *no* allegation of a deprivation of rights by *any* of the named Defendants.[3]  Accordingly, the amended complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Furthermore, the Defendants Coleman and Richmond are only *identified* in the amended complaint. The Plaintiff makes no factual allegations against them whatsoever. However, in the interests of caution, we shall address any potential claim Plaintiff may be asserting against Coleman and Richmond in their capacities as supervisors of their respective probation offices. It is well established that a

_____

[3] In fact, as best we can discern via informed speculation, Plaintiff seems to take issue with the fact that he did not receive notice in a form satisfactory to him that his probation had terminated. This obviously does not create a viable § 1983 claim. Rather than inflate this into a federal lawsuit, we believe Plaintiff would be better served by having his counsel continue to press the probation authorities, and if necessary the Columbia County Court of Common Pleas, in this regard.

supervisor may not be held liable under §1983 for the actions of subordinates on a theory of  vicarious liability or *respondeat superior*.  Rather, the defendant must have "personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*."  Evanch o v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)(quoting Rode v. Dellarciprete, 845 F.2d 1195,1207 (3d Cir. 1988).  Inasmuch as Defendants Coleman and Richmond are only identified to in the amended complaint as the "heads" of their respective offices and Plaintiff makes no factual allegations against them, any §1983 claims against them in their roles as supervisors shall be dismissed.

Finally, with respect to Defendant Norton, Plaintiff's sole allegations against him as contained in the amended complaint are that Defendant Norton stated to the Superior and Supreme Courts that Plaintiff missed the jury pick of September 8, 2004 and was sent back to prison, that the court stenographer omitted a Motion hearing of his pretrial on August 22, 2004 at Norton's direction, and that Tami Kline, the Columbia County Clerk of Courts takes orders from Norton.  (Amended Complaint, ¶12-13).  These allegations cannot conceivably be construed as a deprivation of constitutional rights sufficient to support a §1983 action.

Even assuming arguendo that Plaintiff had stated a §1983 claim against Defendant Norton, Norton is immune from suit under the doctrine of absolute

prosecutorial immunity.

As we noted in <u>Lucarelli v. Norton</u>, 4:06-cv-00053, Record Document 13:

First, as submitted by Defendants, in <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976), the United States Supreme Court held that prosecuting attorneys are absolutely immune from suits arising out of actions within their prosecutorial duties.  <u>See</u> <u>also</u> <u>Burns v. Reed</u>, 500 U.S. 478 (1991).  Additionally, in <u>Smith v. Garretto</u>, the Second Circuit Court of Appeals summarized the absolute immunity that prosecutors may maintain against civil rights actions by stating that:

A prosecutor enjoys absolute immunity for acts taken in initiating a prosecution and in presenting the State's case, whether at a trial, a preliminary hearing, or a bail hearing[.] Such immunity also extends to acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.

147 F.3d 91, 94 (2nd Cir. 1998) (internal citations and quotations omitted).  A functional test is applied to determine if a prosecutor enjoys absolute immunity; a prosecutor does not receive absolute immunity by virtue of his title, but rather, by the nature of the functions and actions, which the prosecutor performs.  <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 269 (1993).  A prosecutor's actions taken in furtherance of the initiation of a prosecution or for a judicial proceeding qualify for absolute immunity.  <u>Buckley</u>, 509 U.S. at 273.

In this case, Plaintiff complains of District Attorney Norton's actions at a

motion hearing  and at the time of jury selection.  (Amended Complaint, ¶ 14).  As

in <u>Burns</u>, 500 U.S. 478 (1991), in which the prosecutor appeared before a judge at

a probable cause hearing relating to a search warrant and the Supreme Court ruled

that appearing at such hearings is "intimately associated with the judicial phase of

the criminal process" and ". . . pretrial court appearances by the prosecutor in support of taking criminal action against a suspect present a substantial likelihood of vexatious litigation that might have an untoward effect on the independence of the prosecutor," the prosecutor in this case was involved in a pre-trial hearing in furtherance of a criminal prosecution.  Id. at 491-92.  Such actions are the very ones that are afforded absolute immunity because they are actions taken in the course of District Attorney Norton's position as a prosecutor, directly related to his role as a prosecutor, and intimately associated with the criminal justice process. Accordingly, District Attorney Norton's actions are protected by absolute immunity against the civil rights claims brought by Plaintiff.  Plaintiff's complaint is therefore dismissed as against Defendant Norton.

**CONCLUSION**:

Therefore, for the foregoing reasons we find that Plaintiff has failed to state a claim upon which relief can be granted as against any of the Defendants. Furthermore, we find that Defendant Norton is shielded from suit on the basis of absolute prosecutorial immunity.  An appropriate Order shall issue.